UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL GONZALEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>DIVERSIFIED CONSULTANTS, INC.; and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case No.:_____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, DANIEL GONZALEZ, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, DIVERSIFIED CONSULTANTS, INC. (hereinafter "DIVERSIFIED"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## PARTIES

4. Plaintiff is a natural person, a resident of Union County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5. DIVERSIFIED maintains an office at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

6. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

7. At all times relevant, the principal purpose of DIVERSIFIED was the collection of debts using the mails and telephone.

8. At all times relevant, DIVERSIFIED regularly attempted to collect debts alleged to be due to another.

9. At all times relevant, DIVERSIFIED regularly collected or attempted to collect debts due or alleged to be due another.

10. At all times relevant, DIVERSIFIED regularly collected or attempted to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

11. At all times relevant, DIVERSIFIED used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts due or alleged to be due another.

12. At all times relevant, DIVERSIFIED used the mail, telephone or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

13. At all times relevant, the principal business engaged in by DIVERSIFIED was the collection of debts, which debts were incurred primarily for personal, family or household purposes.

14. DIVERSIFIED is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

17. DIVERSIFIED sent Plaintiff a letter dated February 23, 2016, a copy of which is attached as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

18. Upon receipt, Plaintiff read the February 23, 2016 letter.

19. DIVERSIFIED's February 23, 2016 letter was an attempt to collect an amount allegedly due to VERZON WIRELESS.

20. DIVERSIFIED's February 23, 2016 letter stated that the "Current Balance" owed by Plaintiff to VERZON WIRELESS was $569.03.

21. The "Current Balance" that DIVERSIFIED stated was due from Plaintiff in its February 23, 2016 letter included an amount for "Collection Costs" in the amount of $86.80.

22. In its February 23, 2016 letter, DIVERSIFIED alleged that the principal balance that Plaintiff owed VERZON WIRELESS was $482.23.

23. At the time that DIVERSIFIED sent the February 23, 2016 letter, Plaintiff did not owe VERZON WIRELESS for "Collection Costs" of $86.80.

24. At the time that it sent the February 23, 2016 letter to Plaintiff, DIVERSIFIED had not billed VERZON WIRELESS for "Collection Costs" in the amount of $86.80.

25. At the time that it sent the February 23, 2016 letter to Plaintiff, DIVERSIFIED had not charged VERZON WIRELESS for "Collection Costs" in the amount of $86.80.

26. At the time that it sent the February 23, 2016 letter to Plaintiff, VERZON WIRELESS had not incurred "Collection Costs" to DIVERSIFIED in the amount of $86.80.

27. At the time that it sent the February 23, 2016 letter to Plaintiff, VERZON WIRELESS had not paid DIVERSIFIED for "Collection Costs" in the amount of $86.80.

28. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, DIVERSIFIED sent collection letters attempting to collect debts on behalf of VERZON WIRELESS to more than 50 consumers residing within the State of New Jersey in which it demanded an amount for "Collection Costs" that weren't due as of the dates of the letters.

29. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, DIVERSIFIED sent collection letters attempting to collect debts on behalf of VERZON WIRELESS to more than 50 consumers residing within the State of New Jersey in which it demanded an amount for "Collection Costs" that had not yet been charged to or paid by VERZON WIRELESS as of the date the collection letter was sent.

30. DIVERSIFIED knew or should have known that its actions violated the FDCPA.

31. DIVERSIFIED could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

33. This Action is properly maintained as a class action. The Class is initially defined as follows:

> All New Jersey consumers who were sent letters and/or notices from DIVERSIFIED, concerning a debt owed to VERZON WIRELESS which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein. The Class period begins one year to the filing of this Action. The class definition may be subsequently modified or refined.

34. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

35. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

36. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals. These common questions include, but are not limited to:

A. Whether DIVERSIFIED's demand for an amount for "Collection Costs" in a collection letter violates the FDCPA when that amount had not yet been incurred by, charged or billed to VERZON WIRELESS;

B. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of DIVERSIFIED's wrongdoing and, if so what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution;

C. Whether Plaintiff and the Class have been injured by DIVERSIFIED's conduct;

D. Whether DIVERSIFIED violated the FDCPA by seeking an amount for "Collection Costs" in collection letters to Plaintiff and the Class;

E. Whether DIVERSIFIED has violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(10), § 1692f and § 1692f(1); and

F. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual class members are significant, the amount may be modest compared to the expense and burden of individual litigation. Additionally, the FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

38. The claims of the Plaintiff are typical of the claims of the members of the Class.

39. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

40. Plaintiff does not have interests antagonistic to those of the Class.

41. The Class, of which Plaintiff is a member, is readily identifiable.

42. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed

Class Counsel has investigated and identified potential claims in the action; has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

43. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for DIVERSIFIED in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

44. DIVERSIFIED has acted or refuse to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

45. Plaintiff does not anticipate any difficulty in the management of this litigation.

## FIRST CLASS COUNT
### Fair Debt Collection Practices Act Violations

46. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. DIVERSIFIED violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

48. DIVERSIFIED violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and others similarly situated.

49.     By demanding an amount for "Collection Costs" in its collection letters to Plaintiff and others similarly situated when said charges weren't yet, if at all, due, DIVERSIFIED violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

50.     By representing to Plaintiff and others similarly situated that an amount was due for "Collection Costs" in its collection letters when said collection charges weren't yet, if at all, due pursuant to the underlying contracts or weren't permitted by law, DIVERSIFIED violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

51.     DIVERSIFIED violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debts in its collection letters to Plaintiff and others similarly situated.

52.     DIVERSIFIED violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

53.     DIVERSIFIED violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

54.     DIVERSIFIED violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff and others similarly situated that was not expressly authorized by the agreement creating the debt or permitted by law.

55.     The violations of the FDCPA described herein constitute *per se* violations.

56. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

58. Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA.

59. The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

60. The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

61. Plaintiff has and will continue to suffer actual damages and other damages as a direct result of the DIVERSIFIED's actions, conduct, omissions and violations of the FDCPA described herein.

62. Plaintiff suffered an informational injury due to DIVERSIFIED 's violation of 15 U.S.C. §1692e *et seq.*, of the FDCPA.

63. Plaintiffs suffered a risk of economic injury due to DIVERSIFIED 's violation of 15 U.S.C. §1692e *et seq.* of the FDCPA.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

   (e)  Awarding post-judgment interest.

   (f)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

   (g)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: July 10, 2016

            *s/ Joseph K. Jones*
            Joseph K. Jones, Esq.
            JONES, WOLF & KAPASI, LLC
            375 Passaic Avenue, Suite 100
            Fairfield, New Jersey 07004
            (973) 227-5900 telephone
            (973) 244-0019 facsimile
            jkj@legaljones.com

            *s/ Glen Chulsky*
            Glen Chulsky, Esq.
            JONES, WOLF & KAPASI, LLC
            375 Passaic Avenue, Suite 100
            Fairfield, New Jersey 07004
            (973) 227-5900 telephone
            (973) 244-0019 facsimile


## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

            *s/ Joseph K. Jones*
            Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 10, 2016

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# EXHIBIT A



*Diversified Consultants, Inc.*

PO BOX 1391  
SOUTHGATE, MI 48195-0391

**800-604-0064**  
Hours of Operation:  
Monday – Thursday 8:00AM ET / 8:00PM PT  
Friday 8:00AM – 7:00PM ET / 8:00AM – 7:00PM PT  
Saturday 9:00AM – 1:00PM ET / 9:00AM – 1:00PM PT

02/23/16

Daniel Gonzalez  
121 Pine St  
Elizabeth, NJ 07206-1910

| | |
|---|---|
| Original Creditor: | VERIZON WIRELESS |
| Current Creditor: | VERIZON WIRELESS |
| Original Account #: | |
| Agency Reference #: | |
| Principal Balance: | $482.23 |
| Collection Costs: | $86.80 |
| Current Balance: | $569.03 |

Our attempts to contact you regarding your past due account have been unsuccessful. Please contact us to discuss this account.

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,

**Diversified Consultants, Inc.**  
PO BOX 551268  
JACKSONVILLE, FL 32255-1268  
800-604-0064

---

DCI\00211\237175762382                                                                           47656\0038881\0156

*Detach and Return with Payment*                                                                 00211

**To pay by credit card, please complete the information below:**        **Amount Due: $569.03**

Check One:    ☐ VISA    ☐ MasterCard    ☐ AMEX    ☐ Check       **Amount Submitted:**

Card Number: ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐

Expiration Date: ☐☐☐☐  CCV#: ☐☐☐ Last 3 digits on back of card        $ ☐☐☐☐☐.☐☐

Signature of Cardholder: _____

Cardholder Name: _____

Cardholder Billing Address:  
_____  
_____

| | |
|---|---|
| Original Creditor: | VERIZON WIRELESS |
| Current Creditor: | VERIZON WIRELESS |
| Original Account #: | |
| Agency Reference #: | |
| Principal Balance: | $482.23 |
| Collection Costs: | $86.80 |
| Current Balance: | $569.03 |

800-604-0064

DIVERSIFIED CONSULTANTS, INC.  
PO BOX 551268  
JACKSONVILLE, FL 32255-1268